**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JONATHAN WAYNE SCOTT,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-10-CA-945-LY** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions** | § | |
| **Division,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:      The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Memorandum in Support (Document 2); and Motion for the Court to Toll Limitations Period (Document 5). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas. Petitioner asserts he was found guilty of burglary of a habitation and was sentenced to 40 years in prison on May 24, 2007.  Petitioner's conviction was affirmed on August 29, 2008.  Scott v. State, No. 03-07-00339-CR, 2008 WL 3984377 (Tex. App. – Austin 2008, pet. ref'd).  Petitioner indicates his petition for discretionary review was refused on February 11, 2009.  Scott v. State, PDR 0117-09.  Petitioner admits he did not file a petition for writ of certiorari with the Supreme Court.  He did, however, file a state application for habeas corpus relief on March 30, 2010.  The Texas Court of Criminal Appeals denied it without written on the findings of the trial court without a hearing on October 13, 2010. Ex parte Scott, Appl. No. 74,242-02.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    Judicial misconduct resulted in the denial of due process and the denial of counsel;

2.    The trial court never obtained jurisdiction rendering the judgment and conviction invalid;

3.    He received ineffective assistance of counsel;

4.    Judicial misconduct resulted in an unfair trial; and

5.    He had functionally absent counsel.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on May 12, 2009, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court.  See Sup. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Petitioner's state application for habeas corpus relief tolled the limitations period during its pendency.  At the time Petitioner filed his state application for habeas corpus relief 43 days remained

of the one-year limitations period.  The Court of Criminal Appeals denied Petitioner's application on October 13, 2010.  Therefore, Petitioner's federal application was due on or before November 25, 2010.  Petitioner did not place his federal application in the prison mail system until November 29, 2010, four days after the limitations period expired.

In his Motion to Toll Limitations Period Petitioner appears to argue his state application for habeas corpus relief should be considered filed when he placed it in the prison mail system for mailing on March 20, 2010.  Contrary to Petitioner's argument, the Fifth Circuit Court of Appeals has declined to extend the mailbox rule to the determination of filing dates for state habeas applications.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

Petitioner also requests the Court to equitably toll the limitations period.  He explains in November 2009 he mailed 23 documents to an attorney for her review with regard to filing a state application for habeas corpus relief.  According to Petitioner, the attorney never returned his documents and he had to file his state application without the supporting documents.  Petitioner filed his state application on March 30, 2010.  Petitioner erroneously believed he filed his state application two days after the limitations period expired.  As mentioned above, Petitioner's conviction did not become final until May 12, 2009.  Therefore, absent tolling, the limitations period would have expired May 12, 2010.

The Supreme Court recently announced, the AEDPA's statute of limitations is subject to equitable tolling in proper cases.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130 S. Ct. at 2562)

(alteration in original) (internal quotation marks omitted).  <u>Holland</u> defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 130 S. Ct. at 2565 (internal citations and quotation marks omitted).  The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." <u>See</u>, <u>e.g.</u>, <u>Covey v. Ark. River Co.</u>, 865 F.2d 660, 662 (5th Cir. 1989).

Petitioner waited 47 days to execute his federal application and place it in the prison mail system after the state court denied his state application.  Petitioner provides absolutely no explanation for his delay.  Because Petitioner failed to show he pursued his rights diligently, he is not entitled to equitable tolling.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's Motion to Toll Limitations Period [#5] be denied and Petitioner's Application for Writ of Habeas Corpus [#1] be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of January, 2011.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE